the annual payments by a fraction, the numerator of which is the number of whole months during that period in which services were not rendered, and the denominator of which is 12. In the case of quarterly payments, this amount shall be determined by multiplying the quarterly payment by a fraction, the numerator of which is the number of whole months during that period in which services were not rendered, and the denominator of which is 3.

### Section D.     Transfer of the Trust Estate and the Trust Files

A Trustee that resigns or is removed shall transfer and deliver to its successor the then-existing entire Trust Estate in its possession, along with all Trust documents and records in its possession. Upon such transfer, the Trustee shall be discharged as Trustee of the Trust and shall have no further powers, discretion, rights, obligations, or duties with reference to the Trust Estate, and all such powers, discretion, rights, obligations, and duties of the resigning Trustee shall inure to and be binding upon such successor Trustee.

An Administrator that resigns or is removed shall transfer and deliver to its successor the then-existing Trust documents and records in its possession.

The foregoing notwithstanding, nothing contained in this Section D shall be deemed to discharge or release any Trustee or Administrator that resigns or is removed from liability for its acts or omissions.

## ARTICLE XII
## SUCCESSOR TRUSTEE OR ADMINISTRATOR

### Section A.     Appointment of Successor Trustee or Administrator

In the event the Trustee or the Administrator resigns, refuses or is unable to act, or is removed, the Grantor shall appoint in writing a successor within sixty days of receiving written notice of resignation or within sixty days of removal.

### Section B.     Qualifications of a Successor Trustee

A successor Trustee appointed pursuant to this Article XII shall be a corporate Trustee, shall be duly licensed to act in that capacity, and shall have a combined capital and surplus equal to or exceeding that of the predecessor Trustee unless the Grantor and Beneficiary agree in writing to a lesser combined capital or surplus.

### Section C.     Duties, Rights, Responsibilities, and Powers of Successors

A successor Trustee or Administrator shall have all the duties, rights, responsibilities, and powers provided by the Trust.

Section D.    Liability of Successors

A successor Trustee or Administrator shall not be liable or responsible in any way for the acts or omissions of any predecessor Trustee or Administrator or for any loss or expense occasioned by any act or omission of any such predecessor. The successor Trustee or Administrator shall be liable for its own acts or omissions in respect to property actually received or duties, responsibilities, and powers assumed by it as the successor. The foregoing notwithstanding, nothing contained in this Section D shall be deemed to discharge or release any predecessor Trustee or Administrator from liability for its acts or omissions.

## ARTICLE XIII
## COMPENSATION OF THE TRUSTEE AND THE ADMINISTRATOR

The Trustee shall receive as compensation for its services such commissions and fees as are payable in accordance with its schedule of fees in effect from time to time during the period in which its services are rendered, but shall not include any fees for the types of services being rendered by the Administrator unless the Trustee has also been appointed as the Administrator, in which case the fee schedule that applies to the performance of both appointments shall apply. The Trustee's compensation may not be changed without prior written approval of the Grantor. The Administrator shall receive as compensation for its services such compensation as is payable in accordance with its schedule of fees in effect from time to time during the period in which its services are rendered unless the Administrator has also been appointed as the Trustee, in which case the fee schedule that applies to the performance of both appointments shall apply. The Administrator's compensation may not be changed without prior written approval of the Grantor.

## ARTICLE XIV
## BOND EXCUSED

The Trustee and any successor Trustee shall not be required to give bond or any other undertaking for the faithful performance of its duties hereunder, any law to the contrary notwithstanding.

## ARTICLE XV
## SPENDTHRIFT PROVISION

No title or interest in the money or other property constituting the Trust Estate, or in any income accruing therefrom or thereon, shall vest in the Beneficiary during the continuance of the Trust Estate. The Beneficiary shall have no right, power, or authority to anticipate any income of the Trust Estate, payments into the Trust Estate, or any payments from the Trust Estate; or to alienate, convey, transfer or dispose of the same or any interest therein or any part thereof in advance of payment. None of the principal or income of the Trust Estate, payments into the Trust Estate, nor any payments from the Trust Estate shall be involuntarily alienated by the Beneficiary or be subject

to attachment, execution, or levy, or taken upon any process for any debts that the Beneficiary may have contracted, or in satisfaction of any demands or obligations that the Beneficiary may have incurred.

## ARTICLE XVI
## NOTIFICATION REQUIREMENTS

All notices, statements, statements of account, objections, filings, service of legal papers, and mailings required or permitted by the provisions of the Trust shall be in writing and shall be sent, on a timely basis, to the following addresses or, upon written notice, any subsequent change of address:

**GRANTOR:**
Director, Torts Branch (FTCA Staff)
Civil Division
United States Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
(202) 616-4400
(202) 616-5200 (fax)

**TRUSTEE:**
The Irrevocable Reversionary Inter Vivos
Medical Care Trust FBO John Edker Ward, Jr.
PeoplesBank, A Codorus Valley Company
Trust & Investment Services
105 Leader Heights Road
York, PA  17403
(888) 846-1970
(717) 741-9582 (fax)

**ADMINISTRATOR:**
Proactive Medical Benefits Advisors
5621 North Front Street
Harrisburg, PA 17110
(717) 315-5617
(717) 599-5648 (fax)

Irrevocable Reversionary Inter Vivos
Grantor Medical Care Trust
FBO John Edker Ward, Jr.

Page 27 of 35

BENEFICIARY:
John Edker Ward, Jr.
c/o Cynthia Elisa Ward, as Guardian of John Edker Ward, Jr.
11119 Quail Pass
San Antonio, Texas 78249
(505) 640-9737 Cell

The Trustee, the Administrator, the Grantor, and the Beneficiary shall each be responsible for providing each other with timely written notice of any change in address or phone number. The Beneficiary shall give timely written notice of a guardianship or conservatorship or change thereof. Any notification shall be deemed given when posted by regular United States Mail addressed to the last known address. Service of any legal papers shall comply with the rules of the court in which the action or proceeding is filed and shall be made upon all parties to the Trust at the addresses provided above or any subsequent change of address that has been provided, unless a party is represented by counsel, in which case service shall be upon counsel.

## ARTICLE XVII
## FORUM FOR DISPUTES AND APPLICABLE LAW

**Section A.    Dispute Resolution and Court of Competent Jurisdiction**

If a dispute arises over the terms or administration (including investments) of the Trust, the Grantor, Trustee, Administrator, and Beneficiary shall first try to resolve the dispute informally among themselves before litigating the matter. If the dispute cannot be resolved informally, the Grantor, Trustee, Administrator, or Beneficiary may have the dispute resolved by any state court (which shall not include Tribal courts) or federal court of competent jurisdiction. However, such state court or federal court shall not have the right to alter, amend, or change the terms or conditions of the Trust. Any fees (including attorney's fees or guardian/conservator fees), expenses, or costs incurred by the Grantor or the Beneficiary in resolving any dispute arising under the Trust shall not be a proper charge against the Trust Estate; however, the court may order payment of costs, fees, and expenses to the extent otherwise authorized by law.

**Section B.    Applicable Law**

The Trust is a federal contract and is to be construed according to federal law. To the extent not contrary to the terms and conditions of the Trust, the duties of the Administrator shall be construed according to the laws of the state in which the Administrator is domiciled and the duties and powers of the Trustee shall be construed according to the laws of the state in which the Trustee is domiciled. However, notwithstanding any state or federal law to the contrary, no court shall have the right to alter, amend, or change the terms or conditions of the Trust.

## ARTICLE XVIII
### REVOCATION OR AMENDMENT

The Trust is irrevocable and the terms shall not be amended, modified, altered, or changed in any respect.

## ARTICLE XIX
### TERMINATION OF THE TRUST

**Section A.    Terminating Event**

For purposes of the Trust, the "terminating event" shall be defined as the death of the Beneficiary or when the Trust Estate becomes Zero Dollars ($0.00) and there are no income or annuity payments due in the future, whichever occurs first. Upon the occurrence of either terminating event, the Trust shall be deemed terminated.

**Section B.    Payments Authorized After Terminating Event**

Upon the death of the Beneficiary, the Trustee shall pay any allowable benefits authorized by the Administrator to the extent there are sufficient funds in the Trust Estate, provided that the goods or services for which payment is requested were incurred before the date of the Beneficiary's death and provided further that the request for payment was properly submitted to the Administrator for review within ninety days of the date of the death of the Beneficiary. The Administrator shall not authorize and the Trustee shall not pay any expense that was not properly submitted to the Administrator within ninety days of the date of the death of the Beneficiary. In the event any allowable benefit is payable on a monthly basis, the Trustee shall pay only the pro rata share for the month of the Beneficiary's death. The Trustee shall also pay any expenses of management and administration, including the fees of the Trustee and Administrator. In the event there are insufficient funds to pay both the expenses of management and administration and allowable benefits, the Trustee shall first pay the expenses of management and administration. The Administrator shall not authorize and the Trustee shall not pay for burial or funeral expenses.

**Section C.    Distribution of the Trust Estate**

After the Trustee has paid all allowable benefits incurred before the date of the Beneficiary's death and properly submitted to the Administrator within ninety days of the date of the death of the Beneficiary, along with all taxes, assessments, expenses, and charges incident to the management and administration of the Trust and the Trust Estate, the Trustee shall expeditiously liquidate and distribute the remaining Trust Estate, including any current and accumulated income, to the Grantor by check made payable to the United States Treasury and delivered to the Grantor at the address on record with the Trustee, along with a final statement of account. Upon making this final distribution and accounting to the Grantor, the Trust shall be deemed terminated and the Trustee shall

immediately close the account.

## ARTICLE XX
## SIGNATURES

It is contemplated that the Trust may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Executed this _____ day of _____, 2008.
**GRANTOR:**
**UNITED STATES OF AMERICA**

**JOHNNY SUTTON**
United States Attorney
Attorneys for the United States of America


BY:  _____
      **HAROLD E. BROWN, JR.**
      Assistant United States Attorney
      Oklahoma Bar No. 001192
      **JAMES W. JENNINGS, JR.**
      Assistant United States Attorney
      Texas Bar No. 10641400
      601 N.W. Loop 410, Suite 600
      San Antonio, Texas 78216
      (210) 384-7320
      (210) 384-7322 Fax

Executed this _____ day of _____, 2008.
TRUSTEE:
PEOPLESBANK, A CODORUS VALLEY COMPANY


By       _____

Executed this _____ day of _____, 2008.
ADMINISTRATOR:
PROACTIVE MEDICAL BENEFITS ADVISORS


By: _____

Executed this 28th day of January, 2008.

BENEFICIARY:

JOHN EDKER WARD, JR.
SSN: 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
DOB: October 19, 1951

By: *(signature)*
CYNTHIA ELISA WARD
Guardian of John Edker Ward, Jr.

By: *(signature)*
JASON COOMER
Guardian ad Litem for John Edker Ward, Jr.

Executed this 28th day of January, 2008.
APPROVED BY BENEFICIARY'S SPOUSE:

*Cynthia Elisa Ward*
CYNTHIA ELISA WARD

Executed this _28st_ day of _January_, 2008.
APPROVED BY BENEFICIARY'S ATTORNEY:

WHITEHURST, HARKNESS, OZMUN & BREES, P.C.
P.O. Box 1802
Austin, Texas 78767-1802
(512) 476-4346
(512) 476-4400 (fax)

_[signature]_
William O. Whitehurst
State Bar No. 00000061
**Eugene W. Brees**
State Bar No. 02947500
**Michele Cheng**
State Bar No. 00796345
**Sylvia Imhoff**
State Bar No. 10388745